# IN THE
# UNITED STATES COURT OF APPEALS
# FOR
# THE DISTRICT OF COLUMBIA CIRCUIT

| | |  |
|---|---|---|
| Village of Morrisville, Vermont,<br>    Petitioner, | )<br>)<br>) | |
| v. | )<br>) | No. 21-1042<br>No. 21-1109 |
| Federal Energy Regulatory Commission,<br>    Respondent, | )<br>)<br>) | |
| Vermont Agency of Natural Resources,<br>Intervenor. | )<br>) | |

## MOTION
## TO HOLD CASE IN ABEYANCE

Pursuant to Fed. R. App. P. 27 and Circuit Rule 27, Petitioner, Village of Morrisville, Vermont, files this Motion to hold this case in abeyance for a period of seventy-five (75) days from entry of the Court's order with motions to govern to be filed within 21 days thereafter. The Parties currently are required to file by September 13, 2023 motions to govern future proceedings in the consolidated cases.

The Federal Energy Regulatory Commission (FERC), Respondent, does not oppose the relief requested in this motion.

The Vermont Agency of Natural Resources (VANR), Intervenor, does not consent to the relief requested in this motion but does not intend to file a response.

2

# ARGUMENT

Abeyance is requested because the Village of Morrisville is actively pursuing resolution of potential public safety issues identified by FERC regarding one of the conditions imposed under the water quality certificate at issue in these consolidate proceedings. As noted in a March 24, 2020 letter from FERC to the Village:

> On August 9, 2016, the Vermont Department of Environmental Conservation (DEC) issued a water quality certificate (WQC) for the Morrisville Project No. 2629 that includes a condition that would limit the winter drawdown of the Green River Development's reservoir to 1.5 feet. On September 13, 2016, Commission staff requested an engineering analysis and stability assessment to determine the effects of the 1.5-foot winter drawdown limit on the stability of the Green River Development's dam, and the ability of the Green River Development to accommodate flood flows.

FERC's Division of Dam Safety Inspections, by letter dated August 18, 2023, has requested a conference call and/or a virtual meeting with VANR, the Village and its engineering firms in the immediate near future to discuss the submission of the studies requested by FERC. FERC had requested the call to occur by late September. The Village is still trying to coordinate with VANR and FERC a time and date for the conference call and expects that one will be scheduled by the end of October in light of the aftermath of the July flooding and the need to coordinate with several consultants.

Depending upon the outcome of the discussions with FERC, the Village may pursue one or more courses of action, independent of VANR, that could render the need for further proceedings before the Court unnecessary.

The Village believes that holding the consolidated cases in abeyance for a finite term of 75-days will serve the interests of judicial economy by allowing the Village to pursue, subsequent to the conference call requested by FERC, alternatives to further litigation before the Court. The relief requested herein allows the consolidated cases to resume immediately in the event that the Village is unable to decern any viable alternative litigation before the Court. In addition, The relicensing proceeding is still pending before the Commission. The Commission has yet to issue an order on relicensing pending the results of additional studies requested by the Commission to address the above noted potential safety issues associated with a mandatory condition of the 2016 water quality certificate at issue before the Court. Therefore, a limited abeyance will not disrupt the FERC relicensing proceeding.

## CONCLUSION

Accordingly, for the above-stated reasons, the Court should grant this Motion by holding this proceeding in abeyance. The Court's order should establish an abeyance period of 75 days from the entry of the Court's order. The Court's order should further order the Parties to file motions to govern further proceedings 21 days after the 75 abeyance period ends.

       Respectfully submitted,

       *Carolyn Elefant*

       _____

       Carolyn Elefant
       LAW OFFICES OF CAROLYN ELEFANT
       1440 G Street N.W., Eighth Floor
       Washington D.C. 20005
       202-297-6100
       carolyn@carolynelefant.com

       Paul V. Nolan
       5515 17th Street North
       Arlington, Virginia 22205-2722
       703-587-5896
       pvnpvndiver@gmail.com

September 13, 2023

## CERTIFICATE OF COMPLIANCE

1. This document complies with this Court's type-volume limitation because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), this document contains 840 words.

2. This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

3. This motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt Times New Roman.

Dated: September 12, 2023

*Carolyn Elefant*

---
Carolyn Elefant
LAW OFFICES OF CAROLYN ELEFANT
1440 G Street N.W., Eighth Floor
Washington D.C. 20005
202-297-6100
carolyn@carolynelefant.com
Counsel for Petitioners

## CERTIFICATE OF SERVICE

I certify that on this 13th day of September, 2023, I caused to be served a copy of the Motion to Hold in Abeyance on all of the parties through the ECF filing system.

        Respectfully submitted,

        *Carolyn Elefant*
        _____
        Carolyn Elefant
        LAW OFFICES OF CAROLYN ELEFANT
        1440 G Street N.W., Eighth Floor
        Washington D.C. 20005
        202-297-6100
        carolyn@carolynelefant.com
        Counsel for Petitioners

September 12, 2023